IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| COREY M., by and through his mother, TRACY M., | ) CIVIL NO. 09-00039 SOM-LEK ) ) |
| Plaintiffs, | ) ) |
| vs. | ) ) |
| DEPARTMENT OF EDUCATION, STATE OF HAWAII, | ) ) ) |
| Defendants. | ) ) |
| _____ | ) |

**REPORT OF SPECIAL MASTER ON PLAINTIFFS'
MOTION DETERMINING PLAINTIFFS AS PREVAILING PARTY
AND FOR AN AWARD OF ATTORNEYS' FEES AND COSTS**

Before the Court, pursuant to a designation by Chief United States District Judge Susan Oki Mollway, is the Motion Determining Plaintiffs as Prevailing Party and for an Award of Attorneys' Fees and Costs ("Motion"), filed by Plaintiffs Corey M., by and through his Mother, Tracy M. (collectively "Plaintiffs") on April 14, 2009. Plaintiffs request an award of $9,823.56 in attorneys' fees and $221.84 in costs. Defendant Department of Education, State of Hawai`i ("Defendant" or "DOE") filed its memorandum in opposition[1] on April 28, 2009, and Plaintiffs filed their reply on May 12, 2009. The Court finds this matter suitable for disposition without a hearing pursuant to Rule LR7.2(d) of the Local Rules of Practice of the United

---

[1] The document is titled "Defendant's Answering Brief". The Court construes it as Defendant's memorandum in opposition to the Motion.

States District Court for the District of Hawai`i ("Local Rules").  After reviewing the parties' submissions and the relevant case law, the Court FINDS AND RECOMMENDS that Plaintiffs' Motion be GRANTED IN PART AND DENIED IN PART.  The Court RECOMMENDS that the district judge AWARD Plaintiffs $9,690.05 in attorney's fees, and $221.84 in costs, for a total award of $9,911.89.

## BACKGROUND

Corey M. suffers from diabetes, attention deficit hyperactivity disorder, mixed receptive expressive language disorder, oppositional defiant disorder, reading disorder, and central auditory processing disorder.  Corey M. is therefore considered a student with disabilities under the Individuals with Disabilities in Education Act, 20 U.S.C. § 1401, et seq. ("IDEA"), and the corresponding state administrative rules.  Prior to the 2008-2009 school year, Corey M. was attending a private school, Redemption Academy, with supplementary aids and services, and program modifications and supports, at Defendant's expense.

In the February 4, 2008 individualized education program ("IEP"), Defendant proposed to change Corey M.'s placement to Pearl City High School for the 2008-2009 school year.  On May 30, 2008, Plaintiffs filed a Request for Impartial Hearing ("Request"), challenging the February 4, 2008 IEP as

procedurally and substantively denying Corey M. a free appropriate public education ("FAPE").  Plaintiffs invoked the stay-put provision of the IDEA,[2] and Corey M. continued to attend Redemption Academy during the dispute.  Defendant took the position that it had offered Corey M. a FAPE and that his placement at Redemption Academy was not appropriate.

The Hearings Officer convened an administrative hearing on November 12, 2008.  Plaintiffs presented their case and rested by the end of the day.  During Plaintiff's case-in-chief, Tracy M. testified that she was not sure whether Redemption Academy had received payment for Corey M.'s placement there pursuant to the stay-put provision.  When Defendant's counsel attempted to determine whether Defendant paid Corey M.'s tuition for the stay-put period, she discovered that Defendant had erroneously and inadvertently paid Corey M.'s tuition for the entire 2008-2009 school year instead of paying his tuition in monthly increments.

On November 13, 2008, Defendant filed a motion to dismiss, arguing that the case had become moot.  The Hearings Officer heard argument on the motion to dismiss that afternoon and ultimately granted the motion.  Plaintiffs' counsel requested

---

[2] 20 U.S.C. § 1415(j) provides, in pertinent part, "during the pendency of any proceedings conducted pursuant to this section, unless the State or local educational agency and the parents otherwise agree, the child shall remain in the then-current educational placement of the child . . . until all such proceedings have been completed."

a determination that Plaintiffs were the prevailing party, but the Hearings Officer declined to make that ruling.  On November 25, 2008, the Hearings Officer issued her Order Granting Respondent's Motion to Dismiss.[3]

On January 28, 2009, Plaintiffs filed the instant action seeking: 1) a determination that they were the prevailing party in the administrative proceeding; 2) an award of their attorney's fees and costs incurred in the administrative proceeding and in prosecuting the instant case; and 3) any other appropriate relief.  The instant Motion followed.

Plaintiffs argue that they were the prevailing party at the administrative level because they received all of the relief that they sought in their Request.  The Request sought "continued placement at Redemption Academy for [extended school year] 2008 and the 08-09 school year with all related services contained in the IEP at [Defendant's] expense including but not limited to tuition, skills trainer, IISC, neuro training, speech Language therapy, auditory Training, mileage and monthly bus pass." [Administrative Record on Appeal ("ROA") at 6.]  At the hearing on Defendant's motion to dismiss, Defendant's counsel represented to the Hearings Officer that Defendant would continue to pay for related services, including a skills trainer, BISS, and

---

[3] The Order Granting Respondent's Motion to Dismiss is attached to the Complaint as Exhibit A.

transportation costs, necessary for Corey M. to continue attending Redemption Academy.  Plaintiffs argue that the Hearings Officer accepted this "offer of proof" and her Order Granting Respondent's Motion to Dismiss was an approval of Defendant's assurances that it would continue to pay for Corey M.'s transportation and related services.  Plaintiffs contend that this was a material alteration of the relationship between the parties and that they would be entitled to enforce the assurances that Defendant's counsel made to the Hearings Officer if Defendant later failed to comply.  Thus, Plaintiffs argue that they are the prevailing party and are entitled to an award of attorney's fees and costs.  Plaintiffs assert that the attorney's fees and costs requested in the instant Motion are reasonable.

In its memorandum in opposition to the Motion, Defendant concedes that the legal relationship between it and Plaintiffs was materially altered because Defendant paid for Corey M.'s Redemption Academy tuition for the entire 2008-2009 school year.  Defendant, however, argues that Plaintiffs are not entitled to an award of attorney's fees and costs because this change was not judicially sanctioned; it was the result of an error on Defendant's part.  Defendants emphasize that the Hearings Officer neither found that Plaintiffs were the prevailing party nor entered a consent decree.

In their reply, Plaintiffs note that Defendant refused

to concede that it failed to offer Corey M. a FAPE. Thus, Defendant was not obligated to pay Corey M.'s Redemption Academy tuition for the entire 2008-2009 school year. Plaintiffs also reiterate that the Hearings Officer relied on Defendant's assurance that it would continue to pay for Corey M.'s transportation and related services. Thus, Plaintiffs argue that they succeeded in forcing Defendant to provide them the relief they sought, thus materially altering the parties' relationship. Plaintiffs also argue that the change in the parties' relationship was judicially sanctioned.

Finally, Plaintiffs note that, under 20 U.S.C. § 1415(i)(2)(C)(iii), the district court can award any relief it deems appropriate. Plaintiffs argue that the district court could make an equitable determination that they are the prevailing party.

## DISCUSSION

### I. Entitlement to Attorney's Fees

The IDEA provides:

> In any action or proceeding brought under this section, the court, in its discretion, may award reasonable attorneys' fees as part of the costs--
>   (I) to a prevailing party who is the parent of a child with a disability[.]

20 U.S.C. § 1415(i)(3)(B)(i). "A prevailing party is one who succeed[s] on any significant issue in litigation which achieves some of the benefit the parties sought in bringing the suit. The

6

success must materially alter the parties' legal relationship, cannot be de minimis and must be causally linked to the litigation brought." Van Duyn ex rel. Van Duyn v. Baker Sch. Dist. 5J, 502 F.3d 811, 825 (9th Cir. 2007) (citations and quotation marks omitted) (alteration in original).  Further, pursuant to Buckhannon Board & Care Home, Inc. v. West Virginia Department of Health & Human Resources, 532 U.S. 598 (2001), the change in the parties' relationship must be judicially sanctioned.  See P.N. v. Seattle Sch. Dist. No. 1, 474 F.3d 1165, 1171 (9th Cir. 2007).

        Defendant concedes that the legal relationship between Plaintiffs and Defendant has been materially altered because Defendant paid for Corey M.'s Redemption Academy tuition for the entire 2008-2009 school year.  [Mem. in Opp. at 11.]  Defendant, however, argues that Plaintiffs are not the prevailing party because the change in the relationship was not judicially sanctioned.  Defendant contends that the payment was the result of a mere error in payment.  Plaintiffs, *inter alia*, argue that, Defendant gave the Hearings Officer assurances that it would continue to incrementally pay for the related services and transportation necessary for Corey M. to attend Redemption Academy.

        During the November 13, 2008 proceedings, the following exchange took place:

>       HEARINGS OFFICER: . . . . DOE has paid for student's tuition at Redemption Academy for the '08/'09 school year, as well as comprehensive fees in the amount of $450, upfront fees incidental in the amount of $113.
>       So, at this point, my question is to the parties – does that amount of money paid to Redemption Academy for the '08/'09 school year from the Department of Education, does it also include a skills trainer, IISC or BISS, neurotraining, speech language therapy, auditory training, mileage and the monthly bus pass?
>       MR. ELLIS: (Speaking for Mr. Levin) Everything is current.
>       HEARINGS OFFICER: So everything that I just read from skills trainer to and including monthly bus pass, DOE is footing the bill for that for Corey for the '08/'09 school year.
>       MR. ELLIS: (Speaking for Mr. Levin) <u>They pay it monthly</u> and we have no control over the payments to the IISC or BISS, or anything like that.  <u>Everything else will be paid based on mom submitting the receipt for bus pass and mom submitting mileage</u>, and that type of thing.
>       And then paying like for the neurotraining, that goes directly to the provider so we have no control.  <u>That has not been paid for the entire school year, but it's been paid to date.</u>

[Trans. of Proceedings, Vol. II, 11/13/08 at 178-79 (emphases added).]  Counsel for Defendants stated that Dean Tsukada, a DOE education specialist who confirmed the payment to Redemption Academy, could testify that he would be "able to continue to pay [the other amounts] because it goes along with Corey attending Redemption Academy.  They understand that he can't attend Redemption Academy without the BISS and the skills trainer services and the transportation and bus pass.  Those services would never stop."  [<u>Id.</u> at 180.]  The Hearings Officer stated that it was not necessary for Mr. Tsukada to testify.  [<u>Id.</u>]

This exchange shows that there were transportation and related services, in addition to what had already been paid for, which Defendant committed to pay for the remainder of the 2008-2009 school year. This was part of the relief that Plaintiffs sought in the Request. [ROA at 6.] The Hearings Officer's Order Granting Respondent's Motion to Dismiss also noted that Defendant was providing continued services in addition to the tuition and fees. [Order Granting Respondent's Motion to Dismiss at 2 (noting that Defendant was "up to date in providing continued placement for Student at Redemption Academy for the 08-09 school year, including all tuition, a comprehensive fee, upfront/incidental fees, and all related services contained in the IEP at DOE expense, as requested by Petitioners in the June 2, 2008 hearing request").]

This Court finds that Defendant's continuing payment of Corey M.'s transportation and related services constitutes a material change in the parties' relationship which was brought about by Plaintiffs' action. This Court also finds that the Hearings Officer's Order Granting Respondent's Motion to Dismiss memorialized this change and therefore constitutes a judicial sanction of the change. Thus, even though there was no administrative determination of whether Defendant offered a FAPE, Plaintiffs have nonetheless established that they are the prevailing party for purposes of an award of attorney's fees and

costs under the IDEA.[4]  Cf. Barlow-Gresham Union High Sch. Dist. No. 2 v. Mitchell, 940 F.2d 1280, 1285 (9th Cir. 1991) (noting that the predecessor to § 1415(i)(3)(B) "allows the prevailing parents to recover attorneys' fees when settlement is reached prior to the due process hearing[,]" if the parents establish that they are the prevailing parties), cited in P.N., 474 F.3d at 1169.  This Court therefore FINDS that Plaintiffs are entitled to an award of attorney's fees and costs pursuant to § 1415(i)(3)(B).[5]

This Court notes that an argument could be made that Defendant's payment of the full year's tuition alone was sufficient to render Plaintiffs the prevailing party.  If such a payment did not trigger an entitlement to attorney's fees and costs, there would be potential for serious abuse.  For example, if the defendant believed in the middle of a hearing that the hearings officer was likely to find in the plaintiff's favor, the

---

[4] It is true that the Hearings Officer denied Plaintiffs' request for a determination that they were the prevailing party.  The Hearings Officer, however, denied the request on the ground that only the federal court could make that determination.  [Trans. of Proceedings, Vol. II, 11/13/08 at 181 ("the hearings officer has no jurisdiction to either assign attorney's fees or prevailing party status.  That would be something having to do with Federal District Court.")]  This Court therefore accords no weight to the Hearings Officer's failure to rule that Plaintiffs were the prevailing party.

[5] In light of this Court's finding, it need not address Plaintiffs' alternative argument that the district court can award relief pursuant to § 1415(i)(2)(C)(iii).

defendant could try to avoid liability for attorney's fees and costs by voluntarily paying for the plaintiff's requested placement and moving to dismiss the proceeding as moot. In the present case, counsel for Defendant stated in a declaration that she only learned of the full tuition payment on November 12, 2008, after Tracy M.'s testimony. [ROA at 58.] There does not appear to be any bad faith or gamesmanship on the part of Defendant or defense counsel. Further, in light of the fact that this Court has already found that Plaintiffs are the prevailing party because they obtained payment of Corey M.'s transportation and related services, this Court need not address the issue whether Defendant's payment of the full year's tuition at Redemption Academy renders Plaintiffs the prevailing party.

## II.  Calculation of Award

In calculating an award of reasonable attorney's fees in IDEA cases, courts use the lodestar calculation set forth in Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). See, e.g., Aguirre v. Los Angeles Unified Sch. Dist., 461 F.3d 1114, 1121 (9th Cir. 2006) (holding that "attorney's fees awarded under 20 U.S.C. § 1415 are governed by the standards set forth by the Supreme Court in Hensley and its progeny"). A court must determine a reasonable fee by multiplying "the number of hours reasonably expended on the litigation" by "a reasonable hourly rate." Hensley, 461 U.S. at 433.

The following factors are subsumed within the lodestar determination: "(1) the novelty and complexity of the issues, (2) the special skill and experience of counsel, (3) the quality of representation, . . . (4) the results obtained, and (5) the contingent nature of the fee agreement". Morales v. City of San Rafael, 96 F.3d 359, 364 n.9 (9th Cir. 1996) (stating that "[a]djusting the lodestar on the basis of subsumed reasonableness factors after the lodestar has been calculated . . . is a disfavored calculation") (citations and quotation marks omitted). The Ninth Circuit, however, extending City of Burlington v. Dague, 505 U.S. 557, 567 (1992), has held that whether the fee is fixed or contingent may not be considered in the lodestar calculation. See Davis v. City & County of San Francisco, 976 F.2d 1536, 1549 (9th Cir. 1992), vacated in part on other grounds, 984 F.2d 345 (9th Cir. 1993).

Once calculated, the lodestar amount is presumptively reasonable. See Pennsylvania v. Delaware Valley Citizens' Council for Clean Air, 483 U.S. 711, 728 (1987); see also Fischer v. SJB-P.D., Inc., 214 F.3d 1115, 1119 n.4 (9th Cir. 2000) (stating that the lodestar figure should only be adjusted in rare and exceptional cases). The court must then decide whether to adjust the lodestar amount based on an evaluation of the factors articulated in Kerr v. Screen Extras Guild, Inc., 526 F.2d 67, 70 (9th Cir. 1975), which have not been subsumed in the lodestar

calculation.  See Fischer, 214 F.3d at 1119.  The factors the Ninth Circuit articulated in Kerr are:

> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

Kerr, 526 F.2d at 70.

Plaintiffs request the following lodestar amount for work associated with this case:

| ATTORNEY | HOURS | RATE | LODESTAR |
|---|---|---|---|
| Stanley E. Levin | 22.3 | $285 | $6,355.50 |
| Bruce Ellis | 35.6 | $ 85 | $3,026.00 |
| | | Subtotal | $9,381.50 |
| | State Excise Tax of 4.712% | | $  442.06 |
| | | TOTAL | $9,823.56 |

[Motion, Decl. of Stanley E. Levin ("Levin Decl."), Exh. B at 4.] Mr. Levin was admitted to the Hawaii State Bar in 1972 and has litigated numerous IDEA cases in this district court.

   **A.   Reasonable Hourly Rate**

In determining whether an hourly rate is reasonable, the Court considers the experience, skill, and reputation of the

13

attorney requesting fees.  See Webb v. Ada County, 285 F.3d 829, 840 & n.6 (9th Cir. 2002).  The reasonable hourly rate should reflect the prevailing market rates in the community.  See id.; see also Gates v. Deukmejian, 987 F.2d 1392, 1405 (9th Cir. 1992), as amended on denial of reh'g, (1993) (noting that the rate awarded should reflect "the rates of attorneys practicing in the forum district").

In addition to their own statements, attorneys are required to submit additional evidence that the rates charged are reasonable.  See Jordan v. Multnomah County, 815 F.2d 1258, 1263 (9th Cir. 1987).  Plaintiffs' counsel cited other cases in which the district court awarded him and Mr. Ellis the hourly rates they request in this case.  [Levin Decl. at ¶ 15 (citing Alicia F. v. Dep't of Educ., CV No. 06-00268 HG-BMK; Brandon E. v. Dep't of Educ., CV No. 07-00536 ACK-LEK; Melodee H. ex rel. Kelii H. v. Dep't of Educ., CV No. 07-00256 HG-LEK).]  In addition, this Court is well aware of the prevailing rates in the community for similar services performed by attorneys of comparable experience, skill and reputation.

Defendant does not contest Mr. Levin's and Mr. Ellis' hourly rates.  Based on the parties' submissions and the previous rates that the district court has awarded, the Court finds that Mr. Levin's $285 requested hourly rate and Mr. Ellis' $85 requested hourly rate are manifestly reasonable.

14

**B.    Hours Reasonably Expended**

Beyond establishing a reasonable hourly rate, a party seeking attorney's fees bears the burden of proving that the fees and costs taxed are associated with the relief requested and are reasonably necessary to achieve the results obtained. See Tirona v. State Farm Mut. Auto. Ins. Co., 821 F. Supp. 632, 636 (D. Haw. 1993) (citations omitted). A court must guard against awarding fees and costs which are excessive, and must determine which fees and costs were self-imposed and avoidable. See id. at 637 (citing INVST Fin. Group v. Chem-Nuclear Sys., 815 F.2d 391, 404 (6th Cir. 1987)). A court has "discretion to 'trim fat' from, or otherwise reduce, the number of hours claimed to have been spent on the case." Soler v. G & U, Inc., 801 F. Supp. 1056, 1060 (S.D.N.Y. 1992) (citation omitted). Time expended on work deemed "excessive, redundant, or otherwise unnecessary" shall not be compensated. See Gates, 987 F.2d at 1399 (quoting Hensley, 461 U.S. at 433-34).

**1.    Clerical or Ministerial Tasks**

First, the Court notes that clerical or ministerial costs are part of an attorney's overhead and are reflected in the charged hourly rate. See, e.g., Sheffer v. Experian Info. Solutions, Inc., 290 F. Supp. 2d 538, 549 (E.D. Pa. 2003). The Court finds that Mr. Ellis' entries regarding the management of pre-hearing dates and due dates are clerical in nature. The

15

Court will therefore deduct 0.5 hours from Mr. Ellis' time.

### 2. Duplicative Time

This Court also finds that Mr. Ellis duplicated Mr. Levin's time meeting with Tracy M. in preparation for the hearing. The Court will therefore deduct 1.0 hour from Mr. Ellis' time.

The Court finds that the remainder of counsel's and Mr. Ellis' time was reasonably and necessarily incurred in this case.

### C. Total Lodestar Award

Based on the foregoing, this Court finds that Plaintiffs have established the appropriateness of an award of attorney's fees as follows:

| ATTORNEY | HOURS | RATE | LODESTAR |
|---|---|---|---|
| Stanley E. Levin | 22.3 | $285 | $6,355.50 |
| Bruce Ellis | 34.1 | $ 85 | $2,898.50 |
| | | Subtotal | $9,254.00 |
| | State Excise Tax of 4.712% | | $ 436.05 |
| | | TOTAL | $9,690.05 |

The Court declines to adjust the award based on the remaining Kerr factors.

### III. Costs

As the prevailing party, Plaintiffs are entitled to reasonable costs incurred in the administrative proceeding and in

the instant case.  See 20 U.S.C. § 1415(i)(3)(B)(i)(I).
Plaintiffs seek a total of $221.84 in costs, consisting of the following expenses:

| | |
|---|---|
| In-house Photocopies | $ 19.90 |
| Facsimile Charges | $  2.20 |
| Postage | $  6.08 |
| Messenger Charges | $ 34.00 |
| Tax on in-house expenses | $  1.33[6] |
| Outside Messenger Services | $ 15.00 |
| Outside Copy Service | $143.33 |
| **Total** | **$221.84** |

[Exh. B to Levin Decl. at 4.]  Local Rule 54.3(d)(3) states: "In addition to identifying each requested non-taxable expense, the moving party shall set forth the applicable authority entitling the moving party to such expense and should attach copies of invoices and receipts, if possible."

Counsel included an itemization of the in-house expenses, including the number of pages of copies and facsimiles, with the per page cost, and the number of messenger deliveries, with the per delivery cost.  [Exh. G to Levin Decl. at 1.] Counsel also submitted invoices for the outside copying costs, which were apparently for the copying of Plaintiffs' hearing submissions, and the outside courier costs, which were for the filing of Plaintiffs' opening brief and hearing submissions. [Id. at 2-4.]

The Court FINDS that Plaintiffs' costs were reasonable

---

[6] Counsel apparently charged the 4.712% general excise tax on all of the in-house expenses except for the messenger charges.

and necessarily expended in this case and they are the type of costs typically charged to a fee-paying client.  The Court therefore RECOMMENDS that the district judge award Plaintiffs' request for costs in full.

## CONCLUSION

In accordance with the foregoing, this Court, acting as Special Master, FINDS AND RECOMMENDS that Plaintiffs' Motion Determining Plaintiffs as Prevailing Party and for an Award of Attorneys' Fees and Costs, filed on April 14, 2009, be GRANTED IN PART AND DENIED IN PART.  The Court FINDS that Plaintiffs are the prevailing party and RECOMMENDS that the district judge AWARD Plaintiffs $9,690.05 in attorney's fees, and $221.84 in costs, for a total award of $9,911.89.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, December 30, 2009.



　　　　　　　　　　　　　　　／S／ Leslie E. Kobayashi
　　　　　　　　　　　　　　　Leslie E. Kobayashi
　　　　　　　　　　　　　　　United States Magistrate Judge

**COREY M., ET AL. V. DEPARTMENT OF EDUCATION; CIVIL NO. 09-00039 SOM-LEK; REPORT OF SPECIAL MASTER ON PLAINTIFFS' MOTION DETERMINING PLAINTIFFS AS PREVAILING PARTY AND FOR AN AWARD OF ATTORNEYS' FEES AND COSTS**